UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>ANGELO MCLAIN, et al.,<br><br>    Defendants. | Civil Action No.<br>12-11508-FDS |

### MEMORANDUM AND ORDER

**SAYLOR, J.**

This case involves an allegation that plaintiff was sexually abused while in the custody of the Massachusetts State Department of Youth Services. For the reasons stated below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction.

**I.    Background**

On August 13, 2012, Thomas Young, who is incarcerated at the Souza-Baranowski Correctional Center, filed a self-prepared complaint, a motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel. The named defendants are "Angelo McClain and or John Doe (1973.) Commissioner of Health and Human Service's [sic]," "Maureen J. Eachern, and or John Doe (1973) Chief Probation Officer, Middlesex County," and "Thomas McGee, Former Probation Officer Lowell District Court, Middlesex County."

Young alleges that he was sexually abused as a youth by the Reverend Patrick Tague, a Catholic priest from the Archdiocese of Boston. Young attached to his complaint the report of a social worker who interviewed him as part of the Boston Archdiocese's settlement with victims

of sexual abuse at the hands of Catholic priests.[1]  According to this report, Tague molested Young while Young was residing at the Hyde Park House, a residential treatment program for troubled youths.  Tague was the director of the Hyde Park House; Young had been placed in the Hyde Park House by the Massachusetts State Department of Youth Services.

In the body of the complaint, Young alleges

> The plaintiff recently realized while preparing his motion's to withdraw his 1976 guilty plea with his court appointed attorney Mr. Alan Campbell, while in care and custody of Middlesex Court Juvenile Department.  The above defendant are responsible for sending/committing the plaintiff in the custody of a known child molester "monster" Father Patrck Taige was on leave from the Archdiocese of Boston for child molestation.  Although he still was allowed to be director of a theriputic home for juvinile boys.  The Hyde Park House.  Defendants are responsible for the torture and rape the plaintiff suffered while in the custody of the former child molesting priest already discharge for allegation of child molestation while operating a home for boys.

Compl. at 2-3 (as in original).  Young alleges that the defendants violated various state statutes and regulations.  He does not cite to any federal law.  He invokes the Court's jurisdiction under 28 U.S.C. § 1332.

## II.  Analysis

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).  Federal courts are of limited jurisdiction, "and the requirement of subject matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).  "The existence of subject matter jurisdiction 'is never presumed.'"  *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140

---

[1] Another document attached to the complaint indicates that an arbitrator awarded Young $60,000.

F.3d 12, 16 (1st Cir. 1998)).  Rather, federal courts "must satisfy themselves that subject matter jurisdiction has been established."  *Id.*  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331, and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Complete diversity does not exist where any defendant and any plaintiff are citizens of the same state.  *See id.*  As the party seeking to invoke federal jurisdiction, a plaintiff has the burden of proving that complete diversity of citizenship exists.  *See Hawes v. Club Ecuestre El Comandante,* 598 F.2d 698, 702 (1st Cir. 1979).

Here, the Court lacks subject-matter jurisdiction over this action as it is currently pleaded.  Plaintiff does not purport to bring a claim arising under federal law.  He cites only to state statutes and regulations, and does not invoke a federal statute or the United States Constitution.  Therefore, jurisdiction under § 1331 does not exist.  Jurisdiction also does not exist under § 1332 because complete diversity of citizenship between the parties does not exist, or at least has not been properly pleaded.  Plaintiff provides Massachusetts addresses for two of the defendants, and indicates that he is currently incarcerated in Massachusetts.[2]  The Court has

---

[2] Plaintiff's identification of these two defendants is ambiguous.  It appears that he has named the persons who currently hold the positions of Commissioner of the Department of Children and Families and Acting Chief Probation Officer for the Middlesex Superior Court.  However, plaintiff also identifies these defendants as "John Doe (1973)."  It is possible that he is trying to name the persons who occupied these administrative positions (or the equivalent thereof) in 1973.  If that is the case, it is possible that these defendants are domiciled outside of Massachusetts.  As to the third defendant, plaintiff has named a former probation officer for the Lowell District

no reason to believe that plaintiff is not a citizen of Massachusetts for purposes of assessing subject-matter jurisdiction.  Because it appears that both plaintiff and at least one defendant are domiciled in Massachusetts, complete diversity has not been properly pleaded.

The Court will accordingly dismiss this action without prejudice for lack of subject-matter jurisdiction.  Plaintiff may elect to bring this action in state court; alternately, he may elect to file a new complaint in this Court if he brings a claim under federal law, or brings suit against only diverse defendants.

### III.   Conclusion

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.  No filing fee shall be assessed.[3]

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  October 24, 2012

---

Court.  He has not explicitly alleged that McGee is domiciled in Massachusetts.

[3] The fee for filing a non-habeas civil case is $350.  *See* 28 U.S.C. § 1914(a).  Even if a prisoner is allowed to proceed without prepayment of the fee, he must make installment payments until the fee is paid in full.  *See* 28 U.S.C. § 1915(b).